UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD G. WARD and CARRIE LYNN CARLILE-WARD,<br><br>            Plaintiffs,<br><br>     v.<br><br>WELLS FARGO BANK, N.A., and DOES 1-20<br><br>            Defendants. | 1:11-cv-0515 OWW SMS<br><br>ORDER RE MOTION TO DISMISS COMPLAINT (DOC. 5) |

## I. INTRODUCTION.

This diversity action is before the court on defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss plaintiffs Donald G. Ward's and Carrie Lynn Carile-Wards's ("Plaintiffs") complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  No opposition was filed.

## II. BACKGROUND

Plaintiffs, husband and wife, are owners and current residents of the real property, 560 N. McClure Road, Modesto, CA 95357 (the "Property"). (Doc. 1, Ex. A. at ¶ 1.) In April 2005, Wells Fargo extended Plaintiffs a $328,000 secured by a deed of

1

trust on that Property. (Id. at ¶ 7.) The initial lender was World Savings Bank, N.A., the predecessor in interest to defendant Wells Fargo.[1] (*See* Doc. 6.)

On or about March 4, 2009, the United States Department of Treasury issued a government program, including guidelines known as the Home Affordable Modification Program ("HAMP" or "HAMP agreement"). (Doc 1, Ex. A at ¶ 10.) The HAMP agreement provides incentives to loan servicers, lenders, and investors to modify first lien home loans that: originated before January 1, 2009, do not exceed $729,750, and are owner-occupied. Plaintiffs assert they qualify for a HAMP modification. (Id.)

On or around January 1, 2009, Plaintiffs' income was substantially decreased due to the economic downturn. (Id. at ¶ 11.) As a result, they began experiencing financial hardship. (Id.) On or around February 2009, Plaintiffs made their last payment on the Loan. (Id. at ¶ 13.)

On or around December 14, 2009, Plaintiffs applied for a loan modification with Wells Fargo and requested that they be considered for the HAMP program. (Id. at ¶ 14) Since December 2009, Plaintiffs have made several requests for a HAMP modification. (Id. at ¶¶ 15.) A modification has not been

---

[1] World Savings Bank, FSB, is a federal savings bank. (Doc. 6, Ex. A.) On November 19, 2007, World Savings Bank, FSB was authorized by the Office of Thrift Supervision, Department of the Treasury to change its name to Wachovia Mortgage, FSB. (Id. at Ex. B.) Effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. (Id. at Ex. D.)

2

granted. (Id. at ¶ 15.) On September 22, 2010 Wells Fargo mailed Plaintiffs a letter notifying them of its intent to foreclose on Plaintiffs' property. (Id. at ¶ 16.)

Plaintiffs allege that Wells Fargo breached the HAMP "agreement" and the accompanying implied covenant of good faith and fair dealing by refusing to modify Plaintiffs' loan. (Id. at ¶¶ 21-29.) Plaintiffs also seek a declaration that Wells Fargo breached the HAMP agreement. (Id. at ¶¶ 30-34.) Wells Fargo removed the action to federal court and now moves to dismiss it under Federal Rule of Civil Procedure 12(b)(6). (Doc. 1, 5.)

### III. <u>STANDARD OF DECISION</u>

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir.2002). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

3

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'

*Id*. (citing *Twombly*, 550 U.S. 556-57).

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While the standard does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

A.  <u>Breach of contract.</u>

Plaintiffs' first cause of action asserts breach of

4

contract. Plaintiffs allege Wells Fargo "entered into a contract with the U.S. Treasury Department which obligates defendant[] to modify qualifying loans under HAMP. Plaintiffs are intended third-party beneficiaries [of] these contracts and therefore have standing to bring this action." (Doc. 1, Ex. A, Compl. ¶ 22). Defendant argues that "a borrower does not have standing to sue its lender for a violation of the lender's HAMP agreement." (Doc. 5, Def.'s MTD at 3.)

"A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367, 108 Cal. Rptr. 3d 682, 697 (Cal. Ct. App. 2010).

Before a third party can present a claim for breach of contract, the party must show that the contract was made for the parties' direct benefit; that they are an intended beneficiary of the contract. *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1208 (9th Cir. 1999) *opinion amended on denial of reh'g,* 203 F.3d 1175 (9th Cir. 2000). The Ninth Circuit defines third party beneficiaries as:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and
> . . .
> (b) the circumstances indicate that the promisee intends to

5

> give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

*Id*. at 1211.

The Ninth Circuit has held that parties who benefit from government contracts are generally assumed to be incidental beneficiaries, and may not enforce the contract absent "clear intent" to the contrary. *Id.* at 1210-11; (*citing* Restatement of Contracts § 313 (cmt. a) ("governmental contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested.").

"Clear intent" is not shown "by a contract's recitation of interested constituencies, [v]ague, hortatory pronouncements, statement[s] of purpose, explicit reference to a third party or even a showing that the contract 'operates to the [third parties'] benefit and was entered into with [them] in mind." *County of Santa Clara v. Astra USA, Inc*., 588 F.3d 1237, 1244 (9th Cir. 2009) (internal quotations and citations omitted). Instead, the contract's precise language must demonstrate a clear intent to rebut the presumption that the plaintiff is an incidental beneficiary. *Id*.

Aside from conclusory statements, Plaintiffs' provide nor plead any showing to rebut the "incidental" presumption. Plaintiffs provide: "[the] program guidelines for HAMP. . .

6

require 'any foreclosure action may be temporarily suspended during trial period, or while borrowers are considered for alternative foreclosure prevention options.'" (Compl. ¶ 19.) This language does not provide that Plaintiffs have a direct contract with Defendant. Numerous federal district courts have found, as to borrowers, the HAMP agreement does not meet the "clear intent" standard. *See e.g.*, *Escobedo*, 2009 WL 4981618; *Burtzos v. Countrywide Home Loans*, No. 09-CV-2027W (Wmc), 2010 U.S. Dist. LEXIS 53509 (S.D.Cal. Jun. 1, 2010); *Benito v. Indymac Mortg*, No. 2:09-CV-001218-PMP-PAL, 2010 U.S. Dist. LEXIS 51259 (D.Nev. May 21, 2010); *Bernice Thoreau del la Salle v. America's Wholesale Lender*, No. CIV S-09-2701, 2010 U.S. LEXIS 36319 (E.D.Cal. Apr. 13, 2010); *Villa v. Wells Bank, N.A.*, No. 10CV81 DMS (WVG), 2010 U.S. Dist. LEXIS 23741 (S.D.Cal. Mar. 15, 2010); *Aleem v. Bank of Am.*; No. EDCV 09-01812-VAP (Rzx), 2010 U.S. Dist. LEXIS 11944 (C.D.Cal. Feb. 9, 2010); *Marks v. Bank of Am., N.A.*, 03:10-CV-08039PHXJAT, 2010 WL 2572988 (D. Ariz. June 22, 2010). "[T]he language of the [HAMP agreement] does not show that the parties intended to grant qualified borrowers the right to enforce the Agreement. Indeed, the Agreement specifies that it 'shall inure to the benefit of. . . *the parties to the Agreement and their permitted successors-in-interest*" with no mention of borrowers. *Escobedo*, 2009 WL 4981618, *3 (emphasis in original). "While the intent of the HAMP might be to benefit qualified borrowers,

7

statements of purpose are not enough to defeat the presumption against intended beneficiaries under government contracts. Rather, Plaintiffs are incidental beneficiaries because there is no clear intent to the contrary." *Marks*, 2010 WL 2572988, *5.

Because Plaintiff is not named in or inferentially referred to as a specifically intended beneficiary of the agreement between Wells Fargo and the U.S. Dept. of Treasury, Plaintiffs do not have standing to sue for a breach of contract claim. Wells Fargo's motion to dismiss Plaintiffs' claim for breach of contract is GRANTED WITHOUT LEAVE TO AMEND.

B.   <u>Breach of the Covenant of Good Faith</u>

Plaintiffs assert "Defendants represented to the U.S. Treasury Department that it would honor the terms of their HAMP contract [with]. . . no intention of doing so." (Compl. ¶ 27.) Defendant opposes, stating "Plaintiffs have no right or standing to enforce the HAMP agreement." (Doc. 5, MTD at 4.)

The elements of a claim for breach of the covenant are: (1) the existence of a contract; (2) the plaintiff did all, or substantially all, of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's *right to receive the benefits of the contract*; and (5) the plaintiff was harmed by the defendant's conduct. *Trinity Hotel Inv., LLC v. Sunstone OP Props., LLC*, 2009

8

U.S. Dist. LEXIS 13692 (C.D. Cal. Feb. 5, 2009) (emphasis added); *Carma Developers, Inc. v. Marathon Development Calif., Inc.*, 2 Cal. 4th 342, 371-375 (1992).

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093-1094 (2004).

Plaintiffs have no special relationship with the lender. "Absent 'special circumstances' a loan transaction is 'at arms-length' and there is no fiduciary relationship between the borrower and lender." *Spencer v. DHI Mortg. Co., Ltd.*, 642 F. Supp. 2d 1153, 1162 (E.D. Cal. 2009) (*citing Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 51 Cal. Rptr. 3d 561 (Cal. Ct. App. 2006). Plaintiffs do not invoke the exception to the general rule. There is no claim for tortious breach of contract.

As incidental third parties to the HAMP agreement, Plaintiffs lack standing to sue for breach of the implied covenant of good faith and fair dealing. *County of Santa Clara*,

9

588 F.3d at 1244. Wells Fargo's motion to dismiss the bad faith breach of contract claim is GRANTED WITHOUT LEAVE TO AMEND.[2]

## C. Declaratory Relief

Plaintiff asserts "Defendants are obligated to perform a good faith review of Plaintiffs' loan under the HAMP guidelines" and modify their loan. (Compl. ¶¶ 22, 31.) Defendant contends that Plaintiffs' request for declaratory relief must fail as "Plaintiffs have no standing to sue for benefits under a HAMP agreement." Further, declaratory relief is "not an independent cause of action." (Doc. 5, MTD at 7.)

Plaintiffs' third "claim" purports to state a cause of action for declaratory relief. Declaratory relief is not an independent claim, rather it is a form of relief. *Lane v. Vitek Real Estate Indus. Group,* 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010) (*citing McDowell v. Watson,* 59 Cal.App.4th 1155, 1159, 69 Cal.Rptr.2d 692 (1997) ("Injunctive relief is a remedy and not, in itself a cause of action." (internal quotation marks omitted)).

Since Plaintiffs' other claims have been dismissed and declaratory relief is not a cause of action in and of itself, there is no basis for declaratory relief. Well Fargo's motion to dismiss Plaintiffs' third "cause of action" is GRANTED WITHOUT LEAVE TO AMEND.

---

[2] Because dismissal is granted on Wells Fargo's standing argument, Defendant's preemption argument will not be addressed.

10

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss all claims is GRANTED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated: June 16, 2011              /s/ Oliver W. Wanger
                                  Oliver W. Wanger
                                  United States District Judge